IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARMELLA SARDO RULAND,
SARAH SARDO ARENA,
STEPHEN M. COPLEY,
individually and as Trustee
under Copley Family Trust,
MARY C. MURPHY GREEN,
MARY M. MURPHY,
EDWARD J. MURPHY,
ELLEN MURPHY CLEGG,
ALICE MURPHY BONHARDI,

      Plaintiffs,

v.       //    CIVIL ACTION NO. 1:07CV117
                                 (Judge Keeley)

THOMAS P. COPLEY,
individually and as Trustee
under Copley Family Trust,

      Defendant,

## ORDER REMANDING CASE

The issue before the Court is whether the Defendant, Thomas P. Copley ("Copley"), properly removed this case to this Court. Plaintiffs Carmella Sardo Ruland, Sarah Sardo Arena, Stephen M. Copley, Mary C. Murphy Green, Mary M. Murphy, Edward J. Murphy, Ellen Murphy Clegg, and Alice Murphy Bonhardi (collectively the "Plaintiffs") filed their original complaint in the Circuit Court of Lewis County, West Virginia on February 14, 2005 and filed an amended complaint on March 15, 2005. It is undisputed that no new parties or claims were added or subtracted from the state case after March 15, 2005. Copley, by counsel, filed a notice of bona

fide defense with the state court on March 21, 2005. On September 4, 2007, more than two years after the amended complaint was filed and served upon Copley, Copley, acting pro se, removed the case to this Court. Plaintiffs filed a motion to remand on September 11, 2007.

The Plaintiffs argue that the Defendant failed to timely remove the action pursuant to 28 U.S.C. § 1446(b). The Plaintiffs also allege that there is not complete diversity of citizenship because both the Sarah Sardo Arena, a Plaintiff, and the Defendant are citizens of California.[1]

The Defendant argues that the state court's order of August 13, 2007, so fundamentally changed the character of the litigation that this Court should equitably waive any jurisdictional defects. With this order, the state court ordered a partition and accounting of the tract of land in question.

After considering the arguments of all parties, this Court finds that Defendant failed to timely remove the above action as per 28 U.S.C. § 1446(b). Furthermore, the Court finds that the removal was meritless because, by the Defendant's own admission, there is not complete diversity of parties pursuant to 28 U.S.C. § 1332. The Court does not find any of the Defendant's equitable

---

[1] The Defendant admits that there is not complete diversity on page 4 of his Notice of Removal.

arguments persuasive. Therefore, this action is **REMANDED** to the Circuit Court of Lewis County, West Virginia and **DISMISSED** from this Court's docket. The Clerk of the Court is directed to forward a copy of this Order and a certified copy of the record in this matter to the Clerk of the Circuit Court of Lewis County, West Virginia.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: November 5, 2007.

>                                 /s/ Irene M. Keeley
>                                 IRENE M. KEELEY
>                                 UNITED STATES DISTRICT JUDGE